EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* VÍCTOR DE JESÚS FRANQUI, acusado y apelante.

*Número:* CR-68-66      *Resuelto:* 23 de octubre 1968

644

*Elizabeth Armstrong de Watlington, Enrique Miranda Merced* y *Julio García Antique,* abogados del apelante; *Rafael A. Rivera Cruz, Procurador General, Héctor R. Orlandi Gómez, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

Alrededor de las once de la mañana del día 4 de enero de 1967 un policía estatal patrullaba en motorcicleta la carretera que conduce de Caguas a Aguas Buenas. Observó un automóvil pequeño marca Cónsul, estacionado a la orilla de la carretera. Parte del vehículo ocupaba como dos pies del área de rodaje de dicha carretera y la otra parte ocupaba el paseo. Se detuvo y notó que el vehículo estaba desocupado, los cristales estaban bajos, las puertas sin seguro y la llave de la ignición puesta. En los alrededores no había persona alguna. Sospechando que se trataba de un vehículo hurtado, el policía abrió la puerta y buscó algún documento o señal que le permitiera identificar y localizar al dueño del vehículo. Utilizó la llave de la ignición y con ella abrió la gaveta (*glove compartment*) y allí encontró un bolso amarillo dentro del

cual había unos sobrecitos pequeños que contenían una substancia parecida a picadura de cigarrillos que olía a orégano. Tomó el bolso y en eso venía el apelante Víctor de Jesús Franqui. El policía le preguntó si él era el conductor del vehículo y al contestarle en la afirmativa, le dijo "pues aquí en este vehículo yo encontré droga." Condujo al apelante al cuartel de la policía y el vehículo Cónsul, conducido por un chofer que había sido pedido por el policía, fue llevado también al cuartel. Al llegar al cuartel el policía le dijo al Sargento Benedicto "aquí yo tengo a este señor, yo tengo sospecha de que esto es droga."

El contenido de los sobrecitos fue sometido a análisis químico y dio positivo de marihuana.

Por estos hechos el apelante fue acusado de dos infracciones a la Ley de Drogas de Puerto Rico. No fue acusado de violar la Ley de Vehículos y Tránsito.

Al comienzo del juicio por tribunal de derecho y también después de desfilar la prueba de cargo, el apelante solicitó la supresión de la evidencia ocupada en su vehículo fundándose en que la misma era el producto de un registro ilegal. El tribunal declaró sin lugar este planteamiento y finalmente le declaró convicto de ambos cargos y dictó sentencia suspendida en su contra condenándosele a sufrir concurrentemente de 5 a 7 años de presidio.

La cuestión a resolver es si el registro del automóvil del apelante practicado por el policía fue uno razonable.

No se trata aquí de un registro incidental a un arresto legal. El récord demuestra que el apelante fue arrestado por posesión de la droga narcótica conocida por marihuana. Su arresto se practicó después del registro. El motivo del arresto se desprende del propio testimonio del policía. Recuérdese que al acercarse el apelante a su vehículo, el policía le preguntó si él era su conductor y al contestarle aquél en la afirmativa, le dijo: "pues aquí en este vehículo yo encontré droga." Al conducirlo al cuartel de la policía el agente le dijo

al Sargento Benedicto, "aquí yo tengo a este señor, yo tengo sospechas de que esto es droga."

La mera comisión de una infracción menor de tránsito, que fue lo que ocurrió aquí, no autorizaba el registro del vehículo. *Pueblo* v. *Sosa Díaz*, 90 D.P.R. 622 (1964). ¿Tenía el agente motivos fundados y por tanto causa probable para practicar un registro razonable del vehículo del apelante? Los hechos y circunstancias concurrentes revelan que no los tenía. Su propósito, al practicar el registro era el de encontrar algún documento que revelara la identidad del dueño o conductor de dicho vehículo. Esto podía lograrlo con el número de la tablilla y el marbete adherido a la misma, por lo menos en cuanto a la identidad del dueño del vehículo una vez practicara la investigación correspondiente. En otras ocasiones se logra el mismo resultado obteniendo el número del motor del vehículo. De todos modos el estacionamiento del vehículo no interrumpía el tránsito por la carretera. Se trataba de un automóvil pequeño que ocupaba dos pies del área de rodaje y por el ancho que allí tenía la carretera, no constituía una obstrucción al tránsito. La mera sospecha del agente de que el vehículo podía haber sido hurtado, fundada dicha sospecha en que estaba abierto y tenía puesta la llave en la ignición, no justifica el registro. El agente no tenía sospechas de que el vehículo en cuestión se utilizara para transportar drogas o algún otro material delictivo.

Las secciones de la Ley de Vehículos y Tránsito, citadas por el Procurador General en su Informe, constituirían un argumento adicional de gran peso en contra de la razonabilidad del registro del vehículo del apelante.

La Sec. 5-710(a) de dicha ley (9 L.P.R.A. sec. 1020(a)) dispone:

"(a) Cuando se estacionare un vehículo en contravención a lo dispuesto en este Capítulo, la Policía hará las diligencias razonables en el área inmediata para localizar su conductor,

y lograr que éste lo remueva. Si no lograre localizar a dicho conductor, estará facultada para trasladar el vehículo por cualquier medio a cualquier sitio visible desde el punto de remoción, donde pueda estacionarse legalmente. Si no hubiere tal sitio disponible, a juicio de la Policía, ésta podrá remover dicho vehículo mediante el uso de grúas u otros aparatos mecánicos, o por cualquier otro medio adecuado, en la forma que se dispone en el siguiente inciso."

La Sec. 9-105(b) del mismo estatuto (9 L.P.R.A. sec. 1495(b)) disponía antes de ser derogada por la Ley Núm. 111 de 27 de junio de 1964:

"(b) Siempre que se sorprenda un vehículo de motor o arrastre sin conductor, estacionado o detenido en violación de cualquier ley, reglamento u ordenanza municipal sobre tránsito, el oficial de orden público que en el caso intervenga, anotará la marca, número de la tablilla de dicho vehículo y cualquier otra información que ayude a identificar el vehículo y la persona que haya incurrido en la violación, y fijará en sitio conspicuo de dicho vehículo una notificación por escrito requiriendo la comparecencia de dicha persona ante la sala del Tribunal de Distrito de Puerto Rico, correspondiente al lugar donde se cometió la infracción, en la fecha especificada en la notificación, que no será anterior a cinco (5) días ni posterior a quince (15) días, contados desde el día de tal notificación, para formular alegación. La notificación a que se refiere esta sección se preparará utilizando la última copia del formulario a que se refiere la sec. 1491 de este título. En estos casos, el denunciante remitirá además del original de la denuncia, una copia adicional de la misma al secretario de la sala correspondiente del Tribunal de Distrito."

Estas secciones de la Ley de Vehículos y Tránsito, señalaban la acción a tomar por la policía cuando sorprendían un vehículo de motor sin conductor estacionado en contravención a la ley. No autorizaba esa ley el registro del vehículo. En ausencia de otras circunstancias que lo hagan razonable, el registro de un vehículo por el solo hecho de que esté estacionado en contravención a la ley, sin conductor, abierto y

con la llave en la ignición, no lo convierte en un registro razonable. (¹)

■ Concluimos por lo tanto que la evidencia (marihuana) ocupada en el vehículo del apelante fue el producto de un registro irrazonable y en su consecuencia inadmisible como prueba.

*Se revocará la sentencia apelada y se dictará otra absolviendo al apelante.*

--------

(¹) Para una discusión más amplia sobre la razonabilidad del registro de un vehículo de motor, véase *Pueblo* v. *De Jesús Robles*, 92 D.P.R. 345 (1965).